UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KARL SENNER, LLC | CIVIL ACTION N.: 2:21-cv-01625 |
| | SECTION: "J" |
| VERSUS | |
| | JUDGE CARL J. BARBIER |
| STEERPROP, LTD. | MAGISTRATE |
| | DANA M. DOUGLAS |

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 5)** filed by Plaintiff, Karl Senner, LLC ("Plaintiff"), which is opposed by Defendant, Steerprop, Ltd. ("Defendant") **(Rec. Doc. 8)**. Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **GRANTED** in part and **DENIED** in part.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of a contractual dispute regarding the parties' forum selection clause. Defendant is a manufacturer of Azimuth Propulsors and other related components, equipment, and spare parts. (Rec. Doc. 1-2), at 2. Plaintiff is a marine equipment seller, who also is a distributor of Defendant's products. *Id.*

Defendant drafted a Distributor Agreement in December 2014, which contained a forum selection clause that read:

> In the event of a legal claim against the Distributor [i.e., Karl Senner] by the Manufacturer [i.e, Steerprop], the legal proceedings are to be held at the District Court of Rauma, Finland as the first instance.

1

> In the event of a legal claim against the Manufacturer by the Distributor, the legal proceedings are to be held at a court located in the Distributor's country.

(Rec. Doc. 12-1), at 2. Plaintiff subsequently modified the words "are to be held at a court located in the Distributor's country" and replaced them with "are to be held in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana" (hereinafter "24th Judicial District Court"). *Id.* Neither party commented nor further modified the phrase before the contract was finalized. *Id.*

Plaintiff filed suit in the 24th Judicial District Court. Subsequently, Defendant removed on the basis of diversity jurisdiction. Now, Plaintiff claims that Defendant violated their forum selection clause and moves for remand.

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## **DISCUSSION**

The issue before the Court is whether the forum selection clause is mandatory or permissive. Plaintiff contends that the clause clearly states that these legal proceedings should be held in the 24th Judicial District Court, which waives Defendant's right to removal. However, Defendant argues that consent to jurisdiction in the 24th Judicial District Court does not waive jurisdiction in other courts. Particularly, because the clause does not contain the word "shall," Defendants believe that this clause is permissive and not mandatory.

To waive removal, the parties' forum selection clause must be mandatory and not permissive. *City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004); *Collin Cnty. v. Siemens Bus. Servs.*, 250 Fed. Appx. 45, 50-51 (5th Cir. 2007). A mandatory forum selection clause must have a clear and unequivocal waiver in one of three ways: "[a] party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." *City of New Orleans*, 376 F.3d at 504. A party can waive removal even without explicit language like "shall" or "waive." *See Collin Cnty.*, 250 Fed. App'x at 50 (citing *Waters v. Browning Ferris Indus.*, 252 F.3d 796, 797 (5th Cir. 2001)); *see also Caldas & Sons v. Willingham*, 17 F.3d 123, 127-28 (5th Cir. 1994) (stating that although "shall" often indicates mandatory action, "shall" is not dispositive when interpreting the permissiveness of forum selection clauses). At the same time, "[f]or a forum selection clause to be exclusive, it must go beyond

3

establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive. It is important to distinguish between jurisdiction and venue when interpreting such clauses." *See City of New Orleans*, 376 F.3d at 504.

Defendants rely on *City of New Orleans* to argue that the clause does not establish the 24th Judicial District Court as the exclusive venue. However, in *City of New Orleans*, the contract contained a jurisdiction selection clause not a forum selection clause. 376 F.3d at 504.[1] Thus, the court in that case held that consenting to personal jurisdiction in one place did not preempt personal jurisdiction in other places. *Id.* This is clearly distinguishable from the present case in which the clause establishes an exclusive forum, not jurisdiction.

In *Holthausen v. DMartino*, Plaintiffs moved to remand by arguing that the lease agreement provision specified the 24th Judicial District Court as having exclusive jurisdiction and venue. *Holthausen*, 2009 U.S. Dist. LEXIS 106509, *4 (E.D. La. June 10, 2009).[2] The court agreed and found that the provision was mandatory. *Id.* Both parties were "sophisticated business people who negotiated and contracted

---

[1] The contractual provision in *City of New Orleans* read:
<u>Jurisdiction</u>
The undersigned Contractor does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor.

[2] The contractual provision in *Holthausen* provided:
*Controlling Law*: . . . If any claim or complaint is made by any party to enforce the rights, obligations and terms and conditions of this Lease, the parties agree that such claim or complaint shall be filed and adjudicated in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

*Holthausen*, 2009 U.S. Dist. LEXIS 106509, *13.

for the language contained in the agreements." *Id.* at *26. The plain language established the 24th Judicial District Court as the exclusive venue for the parties' lease disputes, which waived removal. *Id.* at *4; *infra City of New Orleans*, 376 F.3d at 504. The court reasoned that the clause clearly and unambiguously selected the venue and waived removal, because the parties demonstrated their intent to make the forum exclusive. *Holthausen*, 2009 U.S. Dist. LEXIS 106509, at *15-18. Specifically, although no particular language was required, the court believed that it was relevant that the parties stated a specific place for the venue. *Id.* at *16.

The facts in *Holthausen* are analogous to the present matter. Here, Plaintiff and Defendant are both sophisticated business entities, who negotiated for the language contained in the agreement. Resultingly, the plain language indicates that "[i]n the event of a legal claim against the Manufacturer by the Distributor, the legal proceedings are to be held in the 24th Judicial District Court." (Rec. Doc. 12-1), at 2. The forum selection clause is exclusive by virtue of the parties clearly and unambiguously establishing the 24th Judicial District Court as the chosen venue within the contract. It is immaterial that the clause does not contain explicit language like "waiver" or "shall."

For these reasons, the forum selection clause in the contract is mandatory and establishes the 24th Judicial District Court as the exclusive venue.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for remand **(Rec. Doc. 5)** is **GRANTED** and this case is **REMANDED** to the 24th Judicial District for the Parish of Jefferson, Louisiana.

**IT IS FURTHER ORDERED** that Plaintiffs motion for costs and fees is **DENIED.**

New Orleans, Louisiana, this 18th day of November, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE